UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

    Plaintiff,
vs.

3801 FLAGLER SUPERMARKET, LLC
d/b/a Sedano's #42, and
THE SYLVIA S. BLOUNT TRUST
Under Unrecorded Trust Agreement Dated December 21, 1998

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant 3801 Flagler Supermarket, LLC doing business as Sedano's #42 and Defendant The Sylvia S. Blount Trust Under Unrecorded Trust Agreement Dated December 21, 1998 for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1.  This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2.  Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

1

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

**PARTIES**

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant 3801 Flagler Supermarket, LLC (also referenced as "Defendant Supermarket," "tenant," "operator," "lessee" or "co-Defendant") is a Florida limited liability company that owns and operates the Sedano's supermarket located at 3801 W Flagler Street, Miami Florida 33134 which is further identified as Sedano's #42. On information and belief, 3801 Flagler Supermarket, LLC is a wholly owned subsidiary of the Sedano's Supermarket chain which owns directly or indirectly all of the Sedano's brand supermarkets.

6. Defendant The Sylvia S. Blount Trust Under Unrecorded Trust Agreement Dated December 21, 1998 (also referenced as "Defendant Blount Trust," "Lessor," "Owner," or "co-Defendant") is (by virtue of Warranty Deed 99R020852) the owner of real property located at 3801 W Flagler Street, Miami Florida 33134 identified as Folio 01-4105-006-0720. This commercial property consists of a block of commercial businesses including the Sedano's supermarket, an Xtra Liquor and Wine store and (across a parking lot) a small strip mall consisting of a Carvel ice cream shop, a nail salon and a UPS store. At all times material hereto, Defendant Blount Trust is represented by David N. Blount, Jr.

# FACTS

7. On information and belief, Defendant Blount Trust leases a portion of its commercial property to co-Defendant Supermarket who in turn has operated its Sedano's #42 supermarket within that leased space.

8. The Sedano's supermarket chain is the nation's largest Hispanic retailer and largest Hispanic-owned supermarket chain. Headquartered in Miami-Dade County, Sedano's employs 3,000 associates and operates over 35 stores throughout Florida. Accordingly, the Sedano's #42 supermarket which is the subject of this action is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(E) since it is a as a bakery, a grocery store and an "other" sales establishment. Sedano's #42 supermarket is also referenced as a "supermarket" or "place of public accommodation."

9. At all times material hereto, Defendant Supermarket was (and is) a company owning and operating the Sedano's supermarket located at 3801 W Flagler Street, Miami Florida 33134 which is open to the public. As the owner and operator of a supermarket which is open to the public, Defendant Supermarket is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a supermarket; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

10. Due to Plaintiff often being in area of 3801 W Flagler Street Sedano's supermarket location, on July 8, 2021 Plaintiff went to that supermarket with the intent of purchasing grocery items.

11. When Plaintiff went to the restrooms within the Sedano's supermarket, he found multiple areas of inaccessibility due to the fact that he perambulates with the assistance of a wheelchair.

12. Based on the access impediments within the restroom, Plaintiff has been denied full and equal access by the operator of that supermarket (Defendant Supermarket) and by the owner/lessor of the commercial property which houses the supermarket (Defendant Blount Trust).

13. On information and belief, Defendant Supermarket is well aware of the ADA and the need to provide for equal access in all areas of its supermarket. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its Sedano's supermarket is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

14. As the owner of commercial real property part of which is operated as a supermarket open to the public, Defendant The Sylvia S. Blount Trust Under Unrecorded Trust Agreement Dated December 21, 1998 is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5). On information and belief, as an investor and owner of commercial property being used as a public accommodation, Defendant The Sylvia S. Blount Trust Under Unrecorded Trust Agreement Dated December 21, 1998 is aware of the ADA and the need to provide for equal access in all areas of its commercial properties which are open to the public.

15. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

16. Plaintiff continues to desire to patronize the Sedano's supermarket located at 3801 W Flagler Street, but continues to be injured in that he continues to be discriminated

against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

17. Any and all requisite notice has been provided.

18. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

19. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

20. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

21. Prior to the filing of this lawsuit, Plaintiff personally visited the Sedano's supermarket in order to purchase groceries; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met architectural barriers when he went to the restroom at the supermarket. Therefore, Plaintiff has suffered an injury in fact.

22. Defendant Supermarket (operator of the Sedano's supermarket) and Defendant Blount Trust (owner of the property housing the supermarket) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the supermarket, in derogation of 42 U.S.C. §12101 *et. seq*., and as prohibited by 42 U.S.C. §12182 *et. seq*. by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

23. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Sedano's supermarket.

24. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

25. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

26. Defendant Blount Trust's commercial property which is leased to Defendant Supermarket is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA and 28 C.F.R. §36.302 *et. seq.,* and both the owner/lessor and the tenant/lessee are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

i. As to Defendant Supermarket (lessee/operator) and Defendant Blount Trust (owner/lessor of the property) (jointly and severally), Plaintiff could not enter the accessible stall area without assistance, as the required maneuvering clearance on the pull side of the door is not provided due to the urinal partition. This is a violation of Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design. Section 4.13.6 states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear. The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case.

ii. As to Defendant Supermarket (lessee/operator) and Defendant Blount Trust (owner/lessor of the property) (jointly and severally), Plaintiff could not lock the stall door without assistance, as the lock has not been mounted at the required location. Section 4.2.5 of the ADAAG states that the forward reach to approach an object (such as locking hardware) must be with the range where the maximum high forward is 48 in (1220 mm) (Fig. 5(a)), the minimum low forward reach is 15 in (380 mm), and (if the high forward reach is over an obstruction), the reach and clearances shall be as shown in Fig. 5(b) of Section 4.2.5. In this instance, the locking hardware is not within the parameters of Section 4.2.5 nor is it mounted in accordance with Section 308.2.1 of the 2010 ADA Standards for Accessible Design. Therefore, the locking mechanism is in violation of the ADAAG and the 2010 ADA Standards for Accessible Design.

iii. As to Defendant Supermarket (lessee/operator) and Defendant Blount Trust (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash bin). The fact that the trash bin is encroaching over the accessible water closet clear floor space is a violation of Section 4.16.2 of the ADAAG and Sections 604.3.1 of the 2010 ADA Standards for Accessible Design.

iv. As to Defendant Supermarket (lessee/operator) and Defendant Blount Trust (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar does not have the required clearance due to the seat cover dispenser and paper towel dispenser placement over the rear wall grab bar. The fact that the seat cover dispenser and paper towel dispenser are mounted over the rear wall grab bar impinges on the clearance is a violation of Section 609.3 of the 2010 ADA Standards for Accessible Design.

v. As to Defendant Supermarket (lessee/operator) and Defendant Blount Trust (owner/lessor of the property) (jointly and severally), Plaintiff could not use the seat cover dispenser without assistance, as it is mounted behind the water closet and out of reach for Plaintiff due to his disability. This is a violation of Section 4.2.5 at Fig. 5(b) of the ADAAG and Section 308.2.1 of the 2010 ADA Standards for Accessible Design. Generally, the standards which require dispensers such as a seat cover dispenser be placed so that the maximum high forward reach is 48 in (1220 mm) and the minimum low forward reach is 15 in (380 mm) (see Fig. 5(a)). However, in this instance, due to the obstruction (of the toilet) to the seat cover dispenser, since the

       high forward reach is over an obstruction, Section 4.2.5 states that reach and clearances must meet those shown in Fig. 5(b), so that the maximum high forward reach is 46 in (1170 mm) and the minimum low forward reach is 34 in (865 mm).

vi. As to Defendant Supermarket (lessee/operator) and Defendant Blount Trust (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet tissue dispenser without assistance, as it is not mounted at the required location. Violation: The toilet tissue dispenser is not mounted in accordance with Section 604.7 of the 2010 ADA Standards for Accessible Design.

vii. As to Defendant Supermarket (lessee/operator) and Defendant Blount Trust (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory mirror (outside the stall) as the lavatory mirror is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG, and Section 603.3 of the 2010 ADA Standards for Accessible Design.

viii. As to Defendant Supermarket (lessee/operator) and Defendant Blount Trust (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard at the lavatory sink outside the stall because the lavatory pipes and water supply lines are not completely wrapped, which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards of Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

ix. As to Defendant Supermarket (lessee/operator) and Defendant Blount Trust (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory sink outside the accessible stall without assistance, as the lavatory sink does not provide the appropriate knee clearance of at least 27 in (685 mm) high 30 in (760

      mm) wide, and 19 in (485 mm) deep underneath the sink, in violation of 28 C.F.R. Part 36, Section 4.24.3; 2010 ADA Standards for Accessible Design and Sections 4.19.2 and 4.2.4 of the ADAAG and Sections 606.2 and 305.3 of the 2010 ADA Standards for Accessible Design.

x. As to Defendant Supermarket (lessee/operator) and Defendant Blount Trust (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard at the lavatory sink inside the accessible stall because the lavatory pipes and water supply lines are not completely wrapped, which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards of Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

xi. As to Defendant Supermarket (lessee/operator) and Defendant Blount Trust (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory sink inside the accessible stall without assistance, as the lavatory sink does not provide the appropriate knee clearance of at least 27 in (685 mm) high 30 in (760 mm) wide, and 19 in (485 mm) deep underneath the sink, in violation of 28 C.F.R. Part 36, Section 4.24.3; 2010 ADA Standards for Accessible Design and Sections 4.19.2 and 4.2.4 of the ADAAG and Sections 606.2 and 305.3 of the 2010 ADA Standards for Accessible Design.

27. Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the Sedano's #42 supermarket commercial space accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

28. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the supermarket therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the Defendant The Sylvia S. Blount Trust Under Unrecorded Trust Agreement Dated December 21, 1998 (owner and lessor of the commercial property) and Defendant 3801 Flagler Supermarket, LLC (lessee and operator of the Sedano's #42 supermarket) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and the Sedano's supermarket such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 18th day of August 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166

                8950 SW 74th Court, Suite 2201
                Miami, Florida 33156
                Telephone:  305-351-2014
                Email: cc@cunninghampllc.com
                *Counsel for Plaintiff*